IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD T. MALONE,

       Plaintiff,                  No. CIV S-06-2046 GEB KJM P

   vs.

RUNNELS, et al.,

       Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that defendants Cook, Baughman, Sisto, Dennis and Fickling were deliberately indifferent to his mental health needs when they revoked a chrono for single-celling and placed him in a double cell and defendants Adams and Trullinger were deliberately indifferent to his safety when they refused to remove him from this double cell. When he was double-celled with another inmate, named Crawford, Crawford attacked him and injured his head. Defendants have filed a motion for summary judgment. Plaintiff has filed an opposition, and defendants a reply.

I. <u>Preliminary Matters</u>

       The court found service of the complaint appropriate for Runnels, Cook, Baughman, Adams, Fickling, Dennis, Sisto and Trullinger. Docket No. 22. Based on the

1  information provided by plaintiff, the U.S. Marshals service was able to serve Runnels,
2  Baughman, Adams, Dennis, Sisto and Trullinger; it was unable to serve Cook and Fickling.
3  Docket Nos. 28, 32, 33, 35.  Although plaintiff was given additional time to provide more
4  information to facilitate service on Cook and Fickling, he has not done so.  Docket Nos. 26, 36,
5  42.  Accordingly, defendants Cook and Fickling should be dismissed from the action without
6  prejudice.  Fed. R. Civ. P. 4(m).

7  II.  <u>Summary Judgment Standards</u>

8  Summary judgment is appropriate when it is demonstrated that there exists "no
9  genuine issue as to any material fact and that the moving party is entitled to a judgment as a
10 matter of law."  Fed. R. Civ. P. 56©.

11 > Under summary judgment practice, the moving party
12 > always bears the initial responsibility of informing the district court
13 > of the basis for its motion, and identifying those portions of "the
14 > pleadings, depositions, answers to interrogatories, and admissions
     > on file, together with the affidavits, if any," which it believes
     > demonstrate the absence of a genuine issue of material fact.

15 <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56©).  "[W]here the
16 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary
17 judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers
18 to interrogatories, and admissions on file.'"  <u>Id.</u>  Indeed, summary judgment should be entered,
19 after adequate time for discovery and upon motion, against a party who fails to make a showing
20 sufficient to establish the existence of an element essential to that party's case, and on which that
21 party will bear the burden of proof at trial.  <u>See id.</u> at 322.  "[A] complete failure of proof
22 concerning an essential element of the nonmoving party's case necessarily renders all other facts
23 immaterial."  <u>Id.</u>  In such a circumstance, summary judgment should be granted, "so long as
24 whatever is before the district court demonstrates that the standard for entry of summary
25 judgment, as set forth in Rule 56©, is satisfied."  <u>Id.</u> at 323.
26 /////

1    If the moving party meets its initial responsibility, the burden then shifts to the
2 opposing party to establish that a genuine issue as to any material fact actually does exist. See
3 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to
4 establish the existence of this factual dispute, the opposing party may not rely upon the
5 allegations or denials of its pleadings but is required to tender evidence of specific facts in the
6 form of affidavits, and/or admissible discovery material, in support of its contention that the
7 dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party
8 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
9 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
10 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
11 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
12 return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
13 1436 (9th Cir. 1987).

14    In the endeavor to establish the existence of a factual dispute, the opposing party
15 need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
16 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
17 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
18 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
19 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
20 committee's note on 1963 amendments).

21    In resolving the summary judgment motion, the court examines the pleadings,
22 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
23 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
24 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
25 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
26 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

1 produce a factual predicate from which the inference may be drawn.  See <u>Richards v. Nielsen</u>
2 <u>Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir.
3 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
4 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
5 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
6 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

       On February 8, 2008, the court advised plaintiff of the requirements for opposing
8 a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See <u>Rand v. Rowland</u>, 154
9 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert.</u> <u>denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v.</u>
10 <u>Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

11 III.  Evidentiary Concerns

12        Defendants argue generally that plaintiff's evidence is not sufficient to defeat
13 summary judgment and argue specifically that some of that evidence, detailed below, is
14 inadmissible.  Defs.' Objections to Pl.'s Evidence (Docket No. 57-2) at 2-3.

15     A.    <u>Statements by Cook</u>

16        Plaintiff asserts that the decision to revoke his single cell status was made by
17 Cook and that defendant Dennis's decision was based on Cook's desire to have plaintiff housed
18 in a double cell.  He relies on his declaration and his deposition, which recounts Cook's
19 statements.  Opposition (Opp'n), Ex. A, Declaration of Edward Malone (Malone Decl.) ¶ 3;
20 Deposition of Edward Malone (Malone Depo.) at 62:1-7.  Defendants' objections are well-taken.

21        Because Cook's statement is hearsay, the court will not consider it on summary
22 judgment.  In addition, plaintiff fails to support his conjecture about Dennis's motivation with
23 admissible evidence, so the court will not consider it. <u>Kim v. United States</u>, 121 F.3d 1269,
24 1276-77 (9th Cir. 1997) (affidavit in opposition to summary judgment must be based on personal
25 knowledge and inadmissible hearsay cannot defeat motion for summary judgment).
26 /////

produce a factual predicate from which the inference may be drawn.  See <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

On February 8, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

III. Evidentiary Concerns

Defendants argue generally that plaintiff's evidence is not sufficient to defeat summary judgment and argue specifically that some of that evidence, detailed below, is inadmissible.  Defs.' Objections to Pl.'s Evidence (Docket No. 57-2) at 2-3.

    A.    <u>Statements by Cook</u>

Plaintiff asserts that the decision to revoke his single cell status was made by Cook and that defendant Dennis's decision was based on Cook's desire to have plaintiff housed in a double cell.  He relies on his declaration and his deposition, which recounts Cook's statements.  Opposition (Opp'n), Ex. A, Declaration of Edward Malone (Malone Decl.) ¶ 3; Deposition of Edward Malone (Malone Depo.) at 62:1-7.  Defendants' objections are well-taken.

Because Cook's statement is hearsay, the court will not consider it on summary judgment.  In addition, plaintiff fails to support his conjecture about Dennis's motivation with admissible evidence, so the court will not consider it. <u>Kim v. United States</u>, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (affidavit in opposition to summary judgment must be based on personal knowledge and inadmissible hearsay cannot defeat motion for summary judgment).

/////

B.     Defendant Dennis's Duties

Plaintiff disputes Dennis's claim that he was obligated to reevaluate inmate chronos, but plaintiff's reasons are somewhat obscure: he says Dennis "does not qualify this statement with any regulation or relationship with custody staff to refer all inmate[s] for specific reasons as single cell status." Plaintiff's Statement of Undisputed Facts (PSUF) ¶ 7. Defendants object that plaintiff is not qualified to give an opinion on Dennis's duties and on relevance grounds. To the extent the court understands what plaintiff is saying, it does appear he is expressing his own opinion about Dennis's duties; defendant's objection is well taken. Fed. R. Evid. 701.

Defendants also object on hearsay grounds to plaintiff's claim that Dennis did not consult the doctor who had written the original single-cell chrono. PSUF ¶ 9. In his declaration, however, plaintiff swears he learned this from Dennis, which means the statement is an admission of a party opponent, which is not hearsay. Fed. R. Evid. 801(d)(2); Malone Decl. ¶ 2. To the extent plaintiff opines that Dennis should have consulted the doctor as a matter of professionalism, defendant's objection is well taken as this statement appears to be expressing an expert opinion without any attempt to demonstrate that plaintiff is qualified to render such an opinion. Fed. R. Evid. 702.

C.     Cellmate Crawford's Threats

According to plaintiff, Crawford told staff Crawford was tired of having cellmates and that somebody would get hurt if officials moved plaintiff, or anyone else, into his cell. PSUF ¶ 15; Malone Depo. at 44:17-21. Defendants argue that this statement is hearsay and plaintiff's undisputed fact assumes facts not in evidence, namely defendants were aware of the threats. Both objections are well-taken: plaintiff's account of Crawford's threats constitutes hearsay and there is no evidence in the record that defendants were aware of Crawford's threats against plaintiff before the third week in September.

/////

1   D.   Plaintiff's Account of Interactions with MTA Bates

2   Defendants challenge as hearsay plaintiff's claim that, after Crawford's October attack, he asked Medical Technical Assistant (MTA) Bates for an ice pack, which was never provided. PSUF ¶ 24; Malone Depo. at 54:3-9. The portions of plaintiff's deposition containing his own statements are not hearsay for purposes of summary judgment. Surrell v. California Water Service, 518 F.3d 1097, 1107 (9th Cir. 2008). In addition, plaintiff does not attribute words to Bates, but rather describes Bates's failure to act. This description is not hearsay. See Fed. R. Evid. 801.

   E.   Restatements of Claims

   In both defendants' and plaintiff's statements of undisputed facts, the parties describe the bases of plaintiff's claims against some of the individual defendants. Defendants' Statement of Undisputed Fact (DSUF) ¶¶ 29-32; PSUF ¶¶ 29-32. Defendants challenge two of plaintiff's counter assertions as lacking foundation, among other things. The court does not consider these restatements of the parties' position to be "facts" within the contemplation of summary judgment practice and will not rely on them; the court thus need not resolve any challenges to the restatements.

   F.   April 25, 2003 Memorandum

   As Exhibit D to his opposition, plaintiff has attached a memorandum dated April 25, 2003, addressed to several categories of correctional officials, which sets forth the "departmental policy and . . . the expectation that inmates double-cell and accept housing assignments as directed by staff." Opp'n, Ex. D at 1. Defendants object on several grounds: that there is no evidence that any defendants actually considered the document, that it is irrelevant, lacks foundation, is not authenticated and is hearsay.

   A court may consider only admissible evidence in ruling on a motion for summary judgment. Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). It is not clear that plaintiff has authenticated this document or demonstrated its non-hearsay nature. If the

document is in fact the official policy on double celling, it is inconceivable defendants were unaware of it. Assuming without deciding that the document gets past evidentiary hurdles, it ultimately does not create a disputed issue of material fact, as discussed below.

IV.  Facts[1]

In early 2003, plaintiff was housed at the California Correctional Institution (CCI), where he was given a short term chrono for single cell status because of his mental health. DSUF, ¶ 1; PSUF ¶ 1; Motion For Summary Judgment (MSJ), Ex. A; Amended Complaint (Am. Compl.) at 46.[2] He had been diagnosed with schizophrenia and bipolar disorder. Deposition of Edward T. Malone (Malone Depo.) at 24:22-23.

On May 5, 2003, plaintiff was transferred to High Desert State Prison (HDSP). DSUF ¶ 2; PSUF ¶ 2. Within ten days of arrival, Cook referred plaintiff to HDSP's mental health staff for an evaluation as to whether plaintiff could be appropriately double-celled. DSUF ¶ 3; PSUF ¶ 3.

On May 22, 2003, the Interdisciplinary Treatment Team (IDTT) interviewed plaintiff and determined there was no mental health-based reason to recommend him for a single cell. DSUF ¶ 4; PSUF ¶ 4. This team consisted of defendant Dennis, Senior Psychologist for CDCR, and Fickling, a Licensed Clinical Social Worker, but it was defendant Dennis who made the ultimate determination to cancel plaintiff's single-cell chrono. Declaration of D. Dennis in Supp. Of Summ. J. (Dennis Decl.) ¶¶ 1-3. Dr. Dennis avers it is not uncommon for mental health professionals to differ in their assessments of a patient's needs, because mental health care is not an exact science. Id. ¶ 5. Plaintiff avers that Dennis told him he did not consult the doctor who originally put plaintiff on single-cell status to determine the reason for the original placement. Malone Decl. ¶ 2.

---

[1] The facts set forth here are undisputed unless noted otherwise.

[2] The court refers to page numbers assigned by its CM/ECF system.

7

On August 20, 2003, the Unit Classification Committee (UCC) met to consider appropriate housing for plaintiff; its members were defendants Sisto and Baughman, as well as Cook and Fickling. DSUF ¶¶10-11; PSUF ¶ 11; Declaration of D.K. Sisto (Sisto Decl.) ¶ 2. The committee members relied on defendant Dennis's evaluation, and Fickling's report based on the evaluation, in concluding that plaintiff could be double-celled without risk to his mental health. DSUF ¶ 12; PSUF ¶ 12; Sisto Decl. ¶ 5. The committee would have maintained plaintiff in a single cell if Fickling had so advised. Sisto Decl. ¶ 7.

Plaintiff was transferred to D-Yard on September 2, 2003. DSUF ¶ 13; PSUF ¶ 13; Malone Depo. at 38:25-39:4. He was housed with inmate Crawford, who made it clear he did not want a cellmate. DSUF ¶ 14; PSUF ¶ 14; Malone Depo. at 40:11-14.

According to defendants, they were not notified that Crawford had threatened plaintiff. DSUF ¶ 16. They rely on several portions of plaintiff's deposition:

> Q: Okay. Do you know whether any of the defendants in this case were ever informed of any threats Crawford made against you?
>
> A: No. I can't say that.
>
> Q: Okay. Did Crawford ever make any other threats against you?
>
> A. As I said before, Mr. Crawford's threats was in abundance.

Malone Depo. at 44:7-14. On September 9, 2003, Crawford told plaintiff to "get out of here, nigger, before I smash you," but as this threat was made in the cell, no correctional officers were present. Id. at 44:22-23, 45:5-6.

During the third week of September, Crawford attacked Malone, but Malone was not injured. DSUF ¶¶ 17-18; PSUF ¶¶ 17-18; Malone Depo. at 45:20-22, 48:20-23. The impetus for this attack was plaintiff's attempt to attract defendant Trullinger's attention, which woke Crawford. Malone Depo. at 46:4-6, 17-21.

Trullinger was the floor officer in Building Three. Id. at 59:5-8. Plaintiff told defendant Trullinger about the attack and said "me and this guy here is not getting along, that we

8

in here fighting and arguing," but Trullinger refused to move him out of the cell. DSUF ¶ 19; PSUF ¶ 19; Malone Depo. at 59:14-16. Plaintiff filed a grievance, asking to be moved, but defendant Adams refused to move him even though plaintiff told Adams that he and Crawford had already "come to blows" and they were "very incompatible." DSUF ¶¶ 20-21; PSUF ¶¶ 20-21; Malone Depo. at 55:8-13, 57:18-21.

On October 17, 2003, Crawford attacked plaintiff again, coming up from behind plaintiff and striking him on the back of the head. DSUF ¶ 22; PSUF ¶ 22; Malone Depo. at 45:10-11, 50:7-8. Plaintiff believes Crawford was angry that plaintiff was taking too long at the sink. Malone Depo. at 50:17-20.

The back of plaintiff's head was swollen and he was in pain for three days as the result of the attack. Id. at 52:23-24, 53:1-2, 20-22. Plaintiff asked MTA Bates for an ice pack, but Bates never provided him with one. Id. at 54:3-9. Plaintiff also told Bates, however, that he was "cool." Am. Compl. at 43; MSJ, Ex. E.

Plaintiff is now housed at Kern Valley State Prison and does not believe he will be sent back to High Desert. DSUF ¶¶ 27-28; PSUF ¶¶ 27-28.

V. Analysis

   A. Defendant Runnels

Plaintiff concedes he is suing defendant Runnels only because Runnels was the Warden at High Desert and should therefore be responsible for the actions of the other defendants. Malone Depo. at 61:6-9.

"Liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an

1  individual was personally involved in the deprivation of his civil rights."). Plaintiff has presented
2  no evidence suggesting that Runnels was personally aware of his single cell chrono, was
3  personally involved in approving him for a double cell, or was on notice of Crawford's threats
4  and violence against plaintiff.

        Defendant Runnels is entitled to summary judgment.

### B. UCC Defendants: Sisto And Baughman

        Plaintiff alleges that by approving his placement in a double cell, defendants Sisto and Baughman were deliberately indifferent to his medical need to be housed in a single cell as shown by the earlier medical chrono.

        Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997).

        Defendants apparently concede that plaintiff's mental health conditions constituted a serious medical need. But see Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) (mental health problems not serious medical need when they are part of "routine discomfort" from incarceration). They argue, however, that they were not subjectively

////

1  indifferent to plaintiff's medical need for a single cell because they relied on Dr. Dennis's
2  conclusion that plaintiff's mental health did not require his placement in a single cell.
3        Generally, prison officials without medical training cannot be found to be
4  subjectively indifferent when they rely on reports or treatment by medical personnel.  See Greeno
5  v. Daley, 414 F.3d 645, 655-56 (7th Cir. 2005); but see Perez v. Oakland County, 466 F.3d 416,
6  425 (6th Cir. 2006) (disputed issue of material fact when social worker removed suicidal inmate
7  from single cell without consulting doctor, even though she had previously recognized inmate's
8  fragile mental health).  In this case, defendants have presented evidence that they considered and
9  relied on defendant Dennis's report in making their determination.  Plaintiff has not countered
10 with anything showing that he gave the committee members any reason to doubt Dennis's
11 conclusion, whether by a presentation of his mental health records or of evidence that the
12 evaluation was superficial or otherwise flawed.
13       Even if the court considers the April 23, 2003 policy on double-celling, the result
14 does not change.  To the extent the members of the UCC were aware of the policy and the
15 possibility of defendant Dennis's reliance on that policy, their reliance on his report does not
16 demonstrate deliberate indifference.  The policy provides in part that staff who are involved in
17 determining whether an inmate is entitled to a single cell shall

> use correctional experience, correctional awareness, a sense of reasonableness, knowledge of the inmate population, facility environment and the level of supervision in the housing unit when determining an inmate's need for single-cell housing.

21 Opp'n, Ex. D at 2.  The committee members could reasonably believe that Dennis was aware of
22 this portion of the policy as well and took these matters into account in making the
23 recommendation.
24       Defendants Sisto and Baughman are entitled to summary judgment.
25 /////
26 /////

C. <u>Defendant Dennis</u>

In a more typical case alleging deliberate indifference to mental health needs, defendant Dennis's declaration would not entitle him to summary judgment: it offers only his conclusion that he acted professionally, with no description of the steps he took to reach his ultimate conclusion. <u>FTC v. Publ'g Clearing House, Inc.</u>, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

In this case, however, the resolution of defendant Dennis's liability turns on questions of causation.

> The causation requirement of sections 1983 and 1985 is not satisfied by a showing of mere causation in fact. Rather, the plaintiff must establish proximate or legal causation.

<u>Arnold v. International Business Machines Corporation</u>, 637 F.2d 1350, 1355 (9th Cir. 1981) (internal citations omitted). The causation standard may be satisfied if the actor sets in motion an act or series of acts that the actor knows or reasonably should know would cause others to inflict the constitutional injury. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743–44 (9th Cir. 1978). The chain of causation may be broken by unforeseeable intervening causes. <u>Van Ort v. Stanewich</u>, 92 F.3d 831, 837 (9th Cir. 1996).

Plaintiff has presented evidence showing he was originally placed on single cell status for a fourteen day period not because his mental health made it likely he would become a target if double celled, but rather because his "very low frustration tolerance" rendered him "explosive" at the time. Am. Compl. at 24. The incident with Crawford did not arise because of plaintiff's own explosive nature. Rather, plaintiff testified that in September he was attempting to attract an officer's attention, and in October he was minding his own business at the sink when Crawford became irritated both times and lashed out. Thus, even if Dennis ignored plaintiff's mental health problems–his own agitation and explosive nature– this did not ultimately cause plaintiff's injuries, which flowed from Crawford's unprovoked acts rather than plaintiff's

asserted need for single-cell housing.  Moreover, the ultimate decision to place plaintiff in the cell with Crawford and Crawford's own explosive behavior, neither of which were in Dennis's control, broke any causal chain between Dennis's evaluation and plaintiff's injuries.

Defendant Dennis is entitled to summary judgment.

### E. Defendants Trullinger And Adams

Defendants Trullinger and Adams argue that plaintiff has suffered only de minimis injury and so may not proceed under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), or under the Eighth Amendment.

Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  In the Ninth Circuit, this requires a "showing of physical injury that need not be significant but must be more than de minimis."  Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).  Assuming that an inmate must demonstrate some sort of injury to proceed on an Eighth Amendment failure to protect claim, that injury must also be more than de minimis.  Irving v. Dormire, 519 F.3d 441 (8th Cir. 2008).

The extent of plaintiff's injuries is in dispute: defendants rely on plaintiff's statement to MTA Bates that he was "cool," while plaintiff points to his testimony that he was in pain for three days after the blow to the head.  The latter, if true, describes an injury that is more than de minimis for purposes of statutory or constitutional liability.  See Stickler v. Waters, 989 F.2d 1375, 1381 n.6 (4th Cir. 1993) (pain may be sufficient injury in Eighth Amendment context).  On the record before the court, Trullinger and Adams are not entitled to summary judgment.

### F. Injunctive Relief

As plaintiff is no longer housed at High Desert State Prison, his claims for injunctive relief are moot.  Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

IT IS THEREFORE RECOMMENDED that:

1. The action be dismissed without prejudice as to defendants Cook and Fickling; and

2. Defendants' motion for summary judgment (docket no. 47) be granted as to defendants Runnels, Sisto and Baughman and as to any claim for injunctive relief, but denied as to defendants Trullinger and Adams.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 2, 2009.

_____
U.S. MAGISTRATE JUDGE

2/malo2046.msj