IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD T. MALONE,

      Plaintiff,                      No. CIV S-06-2046 GEB KJM P

   vs.

RUNNELS, et al.,

      Defendants.          ORDER

_____/

      Plaintiff is a state prison inmate proceeding pro se with a civil rights action. On December 15, 2009, counsel for defendants Trullinger and Adams reported that she had been notified of the death of defendant Adams.

A. <u>Substitution</u>

      On December 30, 2009, plaintiff filed a document he called "stipulation and order substituting party," purporting to substitute the state of California in the place of defendant Adams. Counsel for defendant Trullinger opposed the "stipulation," noting that the state is not a proper party and is immune from suit under the Eleventh Amendment. On February 8, 2010, plaintiff filed an amended "stipulation" and order, again seeking to have the state substituted in place of defendant Adams or, that failing, a "Lieutenant Doe" in place of Adams.

/////

1

1    Under Federal Rules of Civil Procedure, Rule 25(a)(1), a "court may order the substitution of the proper party" if the claim against that party is not extinguished by death. Plaintiff relies on Rule 25(d), which allows the substitution of the successor of a party sued in his official capacity. In this case, however, defendant Adams was sued in his individual capacity for his purported indifference to plaintiff's safety. See Am. Compl. (Docket No. 16) ¶ 7. Rule 25(d) does not permit plaintiff to substitute either the state or "Lieutenant Doe" as Adams' successor. Moreover, the state of California is not the "proper party" under Rule 25(a)(1); "executors, administrators or distributees of distributed estates are proper parties for substitution of a deceased party." Anderson v. Thomas, 2010 WL 530170 at 1 (E.D. Cal. 2010).

Finally, plaintiff is warned that a stipulation is proper only when the parties have agreed on the order to be issued. By filing two documents purporting to be stipulations, plaintiff was in essence attempting to mislead the court. Should he continue to file misleading pleadings, he may be subject to sanctions, including dismissal of the action. Fed. R. Civ. Pro. 11(b) & (c).

B. Discovery

On March 22, 2010, plaintiff filed a motion for an order directing defendant to provide a copy of defendant Adams' death certificate and the coroner's report. He represents that defendants have refused to provide the materials because the discovery cut-off has long since passed. Mot. (Docket No. 72) at 3. Whether or not defendant's objection is well-taken, in light of Adams' death after the 2008 discovery cut-off, plaintiff has not made a sufficient showing for a copy of any autopsy or coroner's report: his speculation that Adams' death was somehow related to the instant lawsuit is unfounded. He has, however, justified his need for a copy of the death certificate. See Jackson v. Rowlett, 2007 WL 397114 at 3 (E.D. Cal. 2007).

IT IS THEREFORE ORDERED that:

1. Plaintiff's "stipulations" for the substitution of parties (Docket Nos. 68 & 71) are denied; and

/////

2. Plaintiff's motion for a copy of the death certificate (Docket No. 72) is granted as to the death certificate only; within thirty days of the date of this order, counsel for defendants shall provide a copy of defendant Adams' death certificate to plaintiff.

DATED: April 7, 2010.

_____
U.S. MAGISTRATE JUDGE

2
malo2046.ord