IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD T. MALONE

    Plaintiff,                              No. CIV S-06-2046 GEB GGH (TEMP) P

    vs.

D.L. RUNNELS, et al.

    Defendants.                         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 2254.  On December 15, 2009, defendant Trullinger filed a notice of the death of his co-defendant, Adams.  Plaintiff has since moved for an order of substitution of service pursuant to Fed. R. Civ. P. 25(a)(1).  In that motion, plaintiff seeks to compel defendant Trullinger or his counsel to provide plaintiff with the information necessary to effect substitution service on Adams' successor or estate representative.

        Defendant Trullinger's counsel has responded to the motion with a declaration that, despite her efforts, she has "contacted Defendant Adams' employer and has been unable to obtain any information concerning the identity of the executor of Adams' estate."  Declaration of Marta C. Barlow at 3 (Docket No. 82-2).

        Defendant Trullinger has performed all the diligence required in assisting plaintiff in locating defendant Adams' estate representative for service of an order of substitution.  As a

1

1  result, substitution cannot be performed at this time.  See Jackson v. Rowlett, 2008 WL 595935
2  (E.D. Cal.).
3         Plaintiff may independently seek information necessary to complete service of a
4  substitution order through any means available to him.  In order to maintain his action against
5  defendant Adams' estate, plaintiff shall, within forty-five days of this order, file a renewed
6  motion for substitution setting forth the necessary contact information.  Failure to provide that
7  information will result in a recommendation that the claim against defendant Adams be
8  dismissed.  Id.  If plaintiff experiences unreasonable obstruction by prison officials in seeking the
9  required contact information, he may move the court for limited injunctive relief.
10        The court notes that prior to this action's reassignment to the undersigned as
11 magistrate judge, the court resolved the motion for summary judgment, dismissing all served
12 defendants except Adams and Trullinger.  All pre-trial deadlines of the current scheduling order
13 having passed, this case will be set for trial.[1]
14        Accordingly, IT IS ORDERED that:
15        1.  The motion for an order of substitution of service (Docket No. 80) is denied
16 without prejudice.
17        2.  Plaintiff shall, within forty-five days of this order, file a renewed motion for
18 substitution of service setting forth the necessary information to serve defendant Adams'
19 successor or estate representative.
20        3.  Trial of this matter is set to commence on October 25, 2011, at 9:00 a.m. in
21 Courtroom 10 before U.S. District Judge Garland E. Burrell, Jr.
22 \\\\\
23 \\\\\
24 \\\\\
25
26        [1] The trial setting will moot plaintiff's pending motion to reset the scheduling order.

2

1     4. The parties shall each file their pre-trial statements no later than August 25,
2 2011.
3     5. The motion to reset the scheduling order (Docket No. 87) is moot.
4 DATED: March 9, 2011

                                                  /s/ Gregory G. Hollows

                                             GREGORY H. HOLLOWS
                                             UNITED STATES MAGISTRATE JUDGE

GGH:hm
malo2046.ord

3