IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD T. MALONE,

    Plaintiff,                            No. CIV S-06-2046 GEB CKD P

    vs.

D.L. RUNNELS, et al.,               <u>ORDER AND</u>

    Defendants.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On December 15, 2009, counsel for defendants Trulinger and Adams informed the court that defendant Adams had passed away. Plaintiff has been granted several extensions of time to file a motion for substitution, pursuant to Federal Rule of Civil Procedure 25(a), with respect to defendant Adams. The last was granted on May 2, 2011 and plaintiff was informed that no further extensions would be granted.

        On May 27, 2011, plaintiff filed a motion in which he asks that Sue Chaffer, whom plaintiff claims was defendant Adams's wife, be substituted in for Adams. In support of his request, plaintiff presents two documents: 1) an obituary for Adams indicating he was survived by a wife named "Sue;" and 2) Adams's death certificate which identifies the "informant" (of death presumably) as Susan Chaffer.

There are at least two problems with plaintiff's motion.  First, Ms. Chaffer is identified on the death certificate as a "friend" of defendant Adams and the certificate indicates that, at the time defendant Adams passed, he had never been married.  Second, even if the court were to find that Ms. Chaffer and Adams were married at the time Adams passed, plaintiff does not demonstrate how that makes Ms. Chaffer eligible for substitution as plaintiff fails to point to any law indicating that the wife of a defendant in a § 1983 case may be substituted in when that defendant passes away.  The court assumes a representative for Adams's estate would be a proper party, and that if Adams had a wife, there would be at least a chance that she would be the representative.  But, any suggestion that Ms. Chaffer is the representative for Adams's estate is speculative.

Because plaintiff has not presented enough information in his motion indicating Ms. Chaffer would be a proper party, plaintiff's motion for substitution will be denied and the court will recommend that defendant Adams be dismissed from this action.

The court notes that with his motion for substitution, plaintiff submitted a request for appointment of counsel.  On August 24, 2011, the court denied a similar request.  For the reasons stated in the August 24, 2011 order, plaintiff's request for counsel is, again, denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 27, 2011 motion for substitution is denied;

2. Plaintiff's May 27, 2011 motion for the appointment of counsel is denied; and

IT IS HEREBY RECOMMENDED that defendant Adams be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 26, 2011

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
malo2046.mfs